David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

|  |  |
|---|---|
|  | ECF CASE |
| FEDERAL INSURANCE COMPANY a/s/o VISIONAIRE LIGHTING, LLC | |
|  | 08 Civ. 1584 (BSJ) |
| Plaintiff, | |
|  | **COMPLAINT** |
| - against - | |
| NYK LOGISTICS (AMERICAS) INC.; NYK LOGISTICS (AMERICAS) INC. D/B/A NYK CONTRACT LOGISTICS; KING ALBERT & SON TRUCKING; FASTLANE LOGISTICS; POWERED BY VEXURE; | |
| Defendants. | |

---------------------------------------------------------------x

## FIRST CAUSE OF ACTION

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1.  Plaintiff Federal Insurance Company is a corporation organized under the laws of one of the fifty states with an office at 55 Water Street, New York, New York, and sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of Visionaire Lighting LLC, ("Visionaire") and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2.  Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states.

3. Defendant NYK Logistics (Americas) Inc. ("NYK") maintains an office and place of business at 30 Vesey Street, New York, NY.

4. This Court has federal question subject matter jurisdiction pursuant to 28 USCA 1331 as this action arises from the carriage of goods in interstate commerce and is governed by federal common law and federal statutes, including but not limited to the Carmack Amendment, 49 U.S.C. §14706. Concurrently there is pendent, ancillary and supplemental jurisdiction as to certain aspects of the claims in suit.

5. Upon information and belief defendants at all material times were engaged in the business of providing common carrier services for cargo shipments, including the carriage of shipments to, from and within the State of New York, as well as contracting with parties within the State of New York for the provision of such services, and are subject to the *in personam* jurisdiction of this Court.

6. This action involves nondelivery, loss, shortage and/or damage to lighting fixtures and related parts and equipment shipped by Visionaire which moved, or were intended to move, from Rancho Dominguez, California, to Fort Myers, Florida, as described more fully in Pro No.: 4552413 and a bill of lading dated on or about February 16, 2007, and others. (Shipper No.: 39113, Vexuse Invoice 4552413-1)

7. Said nondelivery, loss, shortage and damage was the result of defendants' failure to properly handle, arrange, carry, protect, monitor, transfer, and care for the cargo in question.

8. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $44,996.00, no part of which has been paid although duly demanded.

9. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

10. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 9 of this complaint.

11. On or about February 16, 2007 the cargo in suit was delivered in good order and condition into the custody and control of defendants for purposes of transportation to the agreed destination.

12. Defendants failed to deliver the cargo at the agreed destination in the same good order and condition. Instead, defendants failed to deliver the shipment to the intended consignee and there has been no subsequent delivery of the shipment.

13. As a result of the aforesaid, defendants are liable to plaintiff as common carriers, brokers, forwarders, and/or bailees for hire.

## THIRD CAUSE OF ACTION

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 9 of this complaint.

15. The nondelivery of the cargo in suit was caused by defendants' breaches of their fiduciary duties to plaintiff's subrogor.

16. In particular defendants negligently breached their duties to properly and safely hire, instruct, supervise, and monitor the subcontractors and independent contractors who were hired to perform the carriage of the shipment.

## FOURTH CAUSE OF ACTION

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 9 of this complaint.

18. At the time the shipment was booked, defendant NYK represented that it was a duly licensed motor carrier and accepted the booking of the shipment in said capacity.

19. The shipper of the cargo, or entities acting on its behalf, relied on NYK's representation as to motor carrier status.

19. To the extent NYK now alleges that it functioned in a capacity other than as a motor carrier, e.g. as a so-called broker, it is liable to plaintiff on the grounds of fraud in the inducement.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

 (a) for the sum of $44,996.00;

 (b) for prejudgment interest at the rate of 9% per annum;

 (c) for the costs and disbursements of this action;

 (d) for such other and further relief as this Court deems proper and just.

Dated: New York, New York
February 15, 2008

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7C-1594

4